IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**MICHAEL LUCAS,**

      **Petitioner,**

  v.                                     Civil Action No. 3:08cv151
                                              (Judge Maxwell)

**JOE DRIVER, Warden**

      **Respondent.**

## OPINION/REPORT AND RECOMMENDATION

On October 9, 2008, the *pro se* petitioner filed an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241. (Dckt. 1). On October 30, 2008, the undersigned directed the respondents to show cause why the writ should not be granted. (Dckt. 8). On January 15, 2009, the respondent filed a Motion to Dismiss and Response to Order to Show Cause. (Dckt. 14). Petitioner filed an opposition to the respondent's Motion to Dismiss on February 9, 2009. (Dckt. 18). This matter is pending before the undersigned for a Report and Recommendation pursuant to LR PL P 83.09.

## I. Factual Background

Petition is a District of Columbia inmate currently incarcerated at the United States Penitentiary at Hazelton, West Virginia. Petitioner was originally sentenced on March 8, 1985, to a life term with a mandatory minimum term of 20 years for first degree murder while armed by the Superior Court of the District of Columbia. (Dckt. 15). Petitioner is also serving a concurrent 16 year sentence on a parole violator warrant for armed robbery, burglary second degree, attempted robbery, and robbery. *Id.*

In addition, on January 30, 1992, petitioner received a 235 month sentence from the United

1

States District Court for the District of Maryland for a violation of 18 U.S.C. § 922 (g), Felon in Possession of a Firearm. *Id*. By order of the sentencing court, this federal sentence is to run consecutive to any unexpired sentence of imprisonment. *Id*. at Ex. 1, Attachment 2. It is the petitioner's 235 month federal sentence that is at issue in this petition.

## II. Petitioner's Contentions

(1) The petitioner's consecutive federal prison sentence, which has not yet begun to run, is void because the charged offense has been decriminalized by the Supreme Court's recent decision in District of Columbia v. Heller, 128 S. Ct. 2783 (2008).

(2) 28 U.S.C. § 2255 is not the proper avenue for this appeal as it denies the petitioner an adequate or "effective remedy to afford relief."

## III. Analysis

In this petition, the petitioner attacks the validity of his sentence rather than the means of execution and seeks release from his "void" sentence. Further, according to the petition, the petitioner HAS applied for post-conviction relief in the sentencing court. (Dckt. 1, p. 2). Thus, it is clear that petitioner is now pursuing relief in this court under § 2241 because filing a motion under § 2255 in the sentencing court would be barred as a successive petition. See 28 U.S.C. § 2255. However, under these circumstances, petitioner is expressly precluded by § 2255 from pursuing any relief under § 2241. Section 2255 states that an application such as the petitioner's "shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court denied him relief..."

The petitioner seeks to avoid the preclusive effect of that prohibition by invoking the "savings clause" in § 2255 which permits relief to be sought under § 2241 if it "appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of [the applicant's]

2

detention." The law is clearly developed, however, that merely because relief has become unavailable under § 2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal, does not demonstrate that the § 2255 remedy is inadequate or ineffective. In re Vial, 115 F. 3d 1192, 1194 (4th Cir. 1997).

The Fourth Circuit has examined the prerequisites for finding that § 2255 is an inadequate or ineffective remedy. In the case of In re Jones, 226 F.3d 328 (4th Cir. 2000), the Fourth Circuit concluded that:

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.

Id. at 333-34.

In the petition, the petitioner argues that the recent Supreme Court decision in District of Columbia v. Heller has changed the substantive law such that the conduct for which he was convicted is no longer deemed to be criminal and thus the Jones standard will be applicable.

In Heller, the Supreme Court ruled held that the Second Amendment conferred an individual right to keep and bear arms; that statutes banning handgun possession in the home violated the Second Amendment; and that any statutes containing prohibition against rendering any lawful firearm in the home operable for the purpose of immediate self-defense violated the Second Amendment. 128 S. Ct. 2783 (2008). Based on these holdings, petitioner has interpreted the Court's ruling to stand for the idea that his conviction under 18 U.S.C. § 922 (g) is no longer constitutional as this type of conduct is no longer criminal. However, the petitioner misinterprets the ruling of the

3

Court. Title 18 U.S.C. § 922 (g) makes it unlawful for a convicted felon to possess a firearm. While Heller does stand for the proposition that there is an individual right to keep and bear arms, the Supreme Court specifically carved out an exception for continuing the prohibition of felons possessing firearms. In the opinion, the Court noted that "[N]othing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms." Heller, 128 S. Ct. at 2816-17. Thus since a violation 18 U.S.C. § 922 (g) is still a criminal violation, petitioner does not meet the first two prongs of the Jones standard, and, subsequently, cannot fulfill the third prong. Therefore, petitioner cannot establish a right to proceed in this Court under the provisions found at 28 U.S.C. § 2241.

Consequently, the petitioner has not demonstrated that § 2255 is an inadequate or ineffective remedy, and, therefore, he has improperly filed a § 2241 petition. Further, even if the petition were to be brought as a § 2255 action, this Court would have no jurisdiction to hear the petitioner's claim because the sentence in question was imposed by the United States District Court for the District of Maryland. A prisoner wishing to challenge his conviction pursuant to § 2255 must file his petition in the court which imposed the sentence. 28 U.S.C. § 2255; Taylor v. Stansberry, 2006 WL 4568118 (E.D.N.C.)(slip copy).

### IV. Recommendation

For the foregoing reasons, the undersigned recommends that the respondent's motion to dismiss (Dckt. 14) be **GRANTED** and the petitioner's §2241 petition (Dckt. 1) be **DENIED and DISMISSED WITH PREJUDICE**.

Any party may file, within ten (10) days after being served with a copy of this

Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985): United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* petitioner and counsel of record, as applicable.

DATED: June 3, 2009.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE